**Robert E.L. Bonaparte, OSB No. 883411**
E-Mail: bob@bb-law.net
**Shenker & Bonaparte, LLP**
1500 SW 1st Ave., Suite 765
Portland, OR 97201
Telephone: (503) 242-0005
Facsimile: (503) 323-7360

Attorneys for Plaintiff Kathy Hoxworth

# UNITED STATES DISTRICT COURT
# DISTRICT OF OREGON
# PORTLAND DIVISION

| | |
|---|---|
| KATHY HOXWORTH,<br><br>    Plaintiff,<br><br>  v.<br><br>TRAVELERS HOME AND MARINE INSURANCE COMPANY,<br><br>    Defendant. | Case No. 3:15-cv-885<br><br>**COMPLAINT**<br>**(Breach of Insurance Contract)**<br><br>JURY TRIAL REQUESTED |

## NATURE OF ACTION

1. This is an action by plaintiff against her insurer, Travelers Home and Marine Insurance Company ("defendant" or "Travelers"), to recover on a loss incurred by plaintiff. Although the insurance policy issued to plaintiff by Travelers provides coverage, Travelers has failed and refused to provide full indemnity owed under the policy.

## PARTIES

2. Plaintiff Kathy Hoxworth is the owner of property located in Clackamas County, Oregon (the "property").

Page 1 - COMPLAINT

<sup>
</sup>

3. Defendant is, and at all material times mentioned herein was, a corporation authorized to transact and transacting insurance in the state of Oregon. Travelers' state of incorporation is Connecticut and its principal place of business is in Connecticut.

## JURISDICTION

4. Jurisdiction is proper pursuant to 28 U.S.C. § 1332(a)(1) because the amount in controversy exceeds $75,000, exclusive of interest and costs, and the action is between citizens of different states.

5. Venue is proper pursuant to 28 U.S.C. § 1391(a).

## CLAIM
### (Breach of Contract)

### COUNT ONE
### (Breach of Express Contract)

6. Travelers issued and delivered to plaintiff Homeowners Policy No. OM77479930412096331 (the "policy").

7. The policy provided insurance against loss or damage caused by fire, including but not limited to structure, contents, and additional living expense (ALE), and miscellaneous additional coverages.

8. While the policy was in full force and effect, on November 22, 2014, plaintiff's home was damaged by fire, and as a result, plaintiff has suffered unreimbursed losses in excess of $180,000, including $75,000 for structure, $75,000 for contents, and $30,000 for ALE.

9. Plaintiff has fully complied with each and every term, condition and provision of the policy.

10. Plaintiff is entitled to attorney fees under O.R.S. 742.061.

///

///

Page 2 -    COMPLAINT

## COUNT TWO
### (Breach of Implied Covenant)

11.  Plaintiff realleges and incorporates by reference the allegations in paragraphs 1-10.

12.  Defendant failed to make payment and refused to make payment for covered losses, in violation of the policy of insurance, thus causing damages to plaintiff.

13.  Defendant violated the implied covenant of good faith and fair dealing in failing properly to investigate the loss, adjust the claim, and pay plaintiff for all the losses sustained, causing damages to plaintiff, including but not limited to, the following conduct:

   a. On or about November 22, 2014, a fire loss caused extensive fire and smoke damage to plaintiff's home and contents.
   b. Plaintiff promptly reported the loss.
   c. More than six months have passed since proof of loss.
   d. Defendant has seriously mis-estimated plaintiff's structure loss.
   e. Defendant has seriously mis-estimated plaintiff's contents loss.
   f. Defendant has seriously mis-estimated plaintiff's ALE loss.

14.  It was foreseeable to defendant that if it breached its obligations under the insurance policy, plaintiff would suffer damages.

15.  As a result of the breach of contract by defendant, plaintiff has suffered damages as set forth in paragraph 8.

WHEREFORE, plaintiff prays for judgment against defendant as follows:

   (a) For damages in excess of $180,000;

Page 3 -    COMPLAINT

  (b) For reasonable attorney fees to be determined by the court pursuant to O.R.S. 742.061;

  (c) For prejudgment interest from November 22, 2014;

  (d) For plaintiff's costs and disbursements incurred in this action; and

  (e) For such other and further relief as the court deems just and equitable.

Dated this 22nd day of May, 2015.

       SHENKER & BONAPARTE, LLP

       By /s/ Robert E.L. Bonaparte
        Robert E.L. Bonaparte, OSB No. 883411
        Of Attorneys for Plaintiff Kathy Hoxworth